# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**JARELL D. TERRY,**
**ADC #149998C**                                                                                                    **PLAINTIFF**

**V.**                          **CASE NO. 2:20-CV-36-BSM-BD**

**J. DYCUS and**
**D. NORMENT**                                                                                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommendation has been sent to Judge Brian S. Miller. Mr. Terry may file objections with the Clerk of Court if he disagrees with the findings or conclusions set out in this Recommendation. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. Terry does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.     Discussion:**

Jarell D. Terry, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 2) Mr. Terry is currently proceeding on deliberate-indifference and excessive-force claims against Defendant Norment. (Doc. No. 10) Three previous attempts to serve Defendant

Norment with process have been unsuccessful. All three summonses were returned unexecuted. (Doc. Nos. 42, 66, 80)

On October 22, 2020, the Court reminded Mr. Terry of his responsibility to provide the Court and the U.S. Marshal Service a valid service address for Defendant Norment. The Court gave Mr. Terry until November 23, 2020, to provide a valid service address for Defendant Norment. (Doc. No. 81)

On October 30, Mr. Terry responded to the Court's order stating that Defendant Norment is now employed as a sergeant with the ADC. (Doc. No. 83) Accordingly, the Court again attempted service through the ADC Compliance Division. (Doc. No. 84) On November 19, that summons was returned unexecuted. (Doc. No. 85) A notation on the summons indicates that service was attempted twice at the address previously provided under seal, but the address was invalid. (Doc. No. 85)

To date, Mr. Terry has not provided the Court with an address where Defendant Norment can be served with process; and the time allowed under the Rules of Civil Procedure for serving Defendant Norment has expired.

**III.   Conclusion**:

The Court recommends that Mr. Terry's claims against Defendant Norment be DISMISSED, without prejudice. Because Defendant Norment is the only remaining Defendant, the case should be closed. Mr. Terry's motion for order (Doc. No. 86) should be DENIED, as moot.

DATED this 1st day of December, 2020.

                                                                                  _____
                                                                   UNITED STATES MAGISTRATE JUDGE